**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

GURAL FOSTER                                                                                    PLAINTIFF

V.                                        No. 4:21-CV-850-KGB-JTR

KILOLO KIJAKAZI, Commissioner
Social Security Administration                                                          DEFENDANT

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I.   Introduction**

On August 14, 2007, Gural Foster ("Foster") filed a Title II application for social security disability benefits and a Title XVI application for supplemental security income ("SSI") benefits. *Doc. 9-2 at 17*. The applications were denied initially, and upon reconsideration. *Id.* However, on May 28, 2010, after conducting

a hearing on the matter, an administrative law judge ("ALJ") found that Foster had been disabled since July 3, 2007 and granted his applications for social security disability benefits and SSI. *Doc. 9-2 at 22*. Foster did not appeal the *fully favorable* decision to the Appeals Council.

On September 23, 2021, more than ten years after the ALJ's decision, Foster filed a *pro se* "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision." *Doc. 2*. Throughout the Complaint, Foster makes it clear that he is challenging a decision made by the Commissioner regarding his SSI payments. *Id.* However, the Complaint does not clarify whether Foster is challenging the March 28, 2010 ALJ decision, or some subsequent action taken by the Commissioner. *Id.*

In response to that Complaint, the Commissioner filed a Motion to Dismiss. *Doc. 9*. The Commissioner argues that the Court lacks jurisdiction because Foster did not appeal the ALJ's May 28, 2010 decision to the Appeals Counsel and, thus, did not fully exhaust his administrative remedies. *Doc. 9-1*.

In his Response to the Commissioner's Motion to Dismiss, Foster argues that the Commissioner is being disingenuous about the nature of the Complaint and states that "[his] money, which was properly social supplemental income [was] [taken] back 10–11 years later." *Doc. 10*.

For the reasons stated below, the Court concludes that Foster's Complaint (*Doc. 2*) should be dismissed, for lack of jurisdiction.

## II.   Discussion

Federal court jurisdiction over social security cases is limited to two specific situations. *Mitchael v. Colvin*, 809 F.3d 1050, 1055 (8th Cir. 2016). First, under the Social Security Act, the Court may review "any final decision of the Commissioner...made after a hearing." *Id.* (citing 42 U.S.C. § 405(g)). Second, under the federal mandamus statute, 28 U.S.C. § 1361,[1] the Court may "consider challenges to the procedures used in administering Social Security benefits." *Mitchael*, 809 F.3d at 1054 (citing *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 766–67 (5th Cir. 2011)).

Although Foster's *pro se* Complaint and Response are difficult to decipher, it does *not* appear that he is challenging the ALJ's *fully favorable* May 28, 2010 decision. And, as far as the Court can tell, Foster is not challenging any other "decision of the Commissioner…made after a hearing." 42 U.S.C. § 405(g).

---

[1] In full, the federal mandamus statute reads:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

Accordingly, the Social Security Act does not permit the Court to exercise subject matter jurisdiction over the vague allegations alleged in Foster's Complaint.[2]

Liberally construing Foster's Complaint and Response, he appears to be challenging the suspension of his SSI benefits. SSI benefits may be suspended "when a recipient…no longer meets the requirements of eligibility" under the Social Security Act. 20 C.F.R. § 416.1320. Suspension and reinstatement of SSI benefits are administrative acts. *See* 20 C.F.R. § 416.1402(b); Social Security Program Operations Manual System (POMS): SI 02301.205 Suspension and Reestablishing Eligibility (2020).

If Foster is indeed challenging the suspension of his SSI benefit, he *arguably* could bring this action under the federal mandamus statute, which allows federal courts to review challenges to the Social Security Administration's procedures for administering benefits. However, because a writ of mandamus is an extraordinary remedy that is only justified in exceptional circumstances, a court must decline to exercise mandamus jurisdiction unless "the *plaintiff* can establish: (1) a clear and indisputable right to the relief sought; (2) [the Commissioner] has a nondiscretionary

---

[2] In her Memorandum in Support of Motion to Dismiss, the Commissioner argues that the May 28, 2010 ALJ Opinion was not a *final* decision because Foster did not appeal the fully favorable decision to the Appeals Council. *Doc. 9-1*. Foster previously had a Complaint against the Commissioner dismissed on this basis. *See Foster v. Social Security Administration*, No. 4:20-CV-86-LPR-JJV (Jan. 24, 2020). However, Foster does not appear to be challenging the May 28, 2010 ALJ decision, the Court recommends dismissal of what it believes is more appropriately characterized as a mandamus action challenging the suspension of SSI benefits.

duty to honor that right; and (3) there is no other adequate remedy." *Mitchael*, 809 F.3d at 1054 (emphasis added; internal quotation marks removed); *see also Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) and *Taylor v. Barnhart*, 399 F.3d 891, 894 (8th Cir. 2005).

Here, there is nothing in the record reflecting when and *why* Foster's SSI payments were suspended. More importantly, Foster has come forward with no evidence (or even allegations) suggesting he is entitled to have those benefits reinstated. Accordingly, Foster has failed to meet his burden of establishing that he has an *indisputable* right to have his SSI payment resume and that the Commissioner owes a *nondiscretionary* duty to resume those benefits.

Furthermore, there are other adequate remedies for Foster to pursue. Namely, Forster can proceed through the four-step administrative review process which includes: (1) an initial determination; (2) reconsideration; (3) a hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. 416.1402 (stating suspension of SSI benefits is an "initial determination" subject to administrative review); 20 C.F.R. § 404.900 (explaining the administrative review process); and *In re Otis*, 202 F.3d 1050, 1052 (8th Cir. 2000) (finding "extraordinary remedy of mandamus" was not warranted where petitioner had "adequate administrative means to attain relief").

### III.   Conclusion

Accordingly, because the Court lacks jurisdiction over this matter under the federal mandamus statute, the Commissioner's Motion to Dismiss should be granted. *See Johnson v. Kijakazi*, 856 F. App'x 638, 639 (8th Cir. 2021) (affirming the district court's finding that it "lacked subject matter jurisdiction, [where] [Plaintiff's] action did not appeal a final administrative decision or seek to order the Commissioner to perform a clear, non-discretionary duty.").

IT IS THEREFORE RECOMMENDED THAT:

(1)     The Commissioner's Motion to Dismiss (*Doc. 9*) be GRANTED; and

(2)     Gural Foster's Complaint (*Doc. 2*) be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

DATED this 20th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

6